IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CATALINA HONEY ALSTON, )
)
Plaintiff, )
)
v. ) Civil Action No.:
)
DOLGENCORP, LLC, )
)
Defendant. )
)

**COMPLAINT**

COMES NOW the Plaintiff, CATALINA HONEY ALSTON ("PLAINTIFF"), and files this Complaint against Defendant, DOLGENCORP, LLC, ("DEFENDANT") respectfully stating unto the Court the following:

**GENERAL ALLEGATIONS**

1. This is a cause of action to recover damages, attorney fees, and other relief from DEFENDANT for violations of the Americans with Disabilities Act and Whistle-blower protection act.

2. At all material times, PLAINTIFF was a citizen and resident of Alachua County, Florida.

3. At all material times, DEFENDANT was a Kentucky corporation, with its principal place of business in Tennessee. DEFENDANT operates a retail grocery store in Archer, Florida, which is where PLAINTIFF was employed at all material times.

## BACKGROUND

4. In or around June 2020, DEFENDANT hired PLAINTIFF to work as a cashier. Approximately two weeks later, DEFENDANT promoted PLAINTIFF to the position of key holder. Approximately two months after that, DEFENDANT promoted PLAINTIFF to the position of assistant store manager.

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1337.

7. At all relevant times, PLAINTIFF was qualified to perform her jobs with DEFENDANT, despite her disabilities, which included osteoarthritis, fibromyalgia, chronic irritable bowel syndrome, SIBO and pelvic floor dysfunction disorder.

8. In 2024, Kaela Kraft became District Manager over PLAINTIFF'S store. Ms. Kraft demoted PLAINTIFF several times between January 2025 and PLAINTIFF'S termination on August 26, 2025. Upon information and belief, the first demotion was based on PLAINTIFF'S disability as Ms. Kraft told PLAINTIFF in November 2024 that PLAINTIFF should agree to be demoted so she would not have to be observed by customers.

9. In 2025, PLAINTIFF engaged in protected activity by contacting OSHA on two occasions to report unsafe working conditions in DEFENDANT'S store that included a rat infestation and hazardous conditions caused by overstocked products. PLAINTIFF'S first complaint was made in February 2025. DEFENDANT responded to OSHA regarding the latter of PLAINTIFF'S complaints on July 5, 2025.

10. Shortly after PLAINTIFF made her first complaint to OSHA, DEFENDANT

responded by reducing PLAINTIFF'S hours from 40 to 60 hours per week to eight hours per week and then further reducing her hours to four hours per week.

11. All conditions precedent to this action have occurred or been waived and this action is timely filed within 90 days of PLAINTIFF receiving a Right to Sue letter.

## COUNT I
## ADA DISCRIMINATION

12. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

13. PLAINTIFF suffered from medical conditions that impaired her ability to walk, stand, and climb and DEFENDANT regarded PLAINTIFF as being disabled.

14. In or around January 2025, DEFENDANT demoted PLAINTIFF and then reduced her hours after she was done training her fulltime replacements.

15. Upon information and belief, the reason DEFENDANT demoted PLAINTIFF from assistant store manager and then reduced her hours was because PLAINTIFF was disabled and/or because DEFENDANT regarded PLAINTIFF as being disabled.

16. As the actual, proximate, and legal result of DEFENDANT'S discrimination, PLAINTIFF suffered emotional distress, lost wages and humiliation.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, pre- and post-judgment interest, punitive damages, attorney's fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of the ADAAA; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

**COUNT II**
**FLORIDA WHISTLE-BLOWER ACT**

17. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

18. PLAINTIFF engaged in statutorily protected activity by complaining to OSHA about unsafe conditions in her stores and OSHA investigated PLAINTIFF'S complaints. PLAINTIFF also objected to the unsafe conditions.

19. As a result of her first complaint, DEFENDANT drastically reduced PLAINTIFF'S hours in an effort to force her to quit and ultimately terminated PLAINTIFF after and because of her second complaint to OSHA.

20. As the actual, proximate, and legal result of DEFENDANT demoting and ultimately terminating her, PLAINTIFF suffered emotional distress, lost wages and humiliation.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, pre- and post-judgment interest, punitive damages, attorney's fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of the Florida Whistleblower Act; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

**COUNT III**
**FCRA-DISABILITY DISCRIMINATION**

21. The General Allegations and Background and Paragraphs 13 through 16 above are hereby incorporated by reference as though fully set forth herein.

22. PLAINTIFF was demoted and had her hours reduced as a result of her disability and/or DEFENDANT perceiving PLAINTIFF as disabled.

23. As the actual, proximate, and legal result of DEFENDANT'S unlawful actions, PLAINTIFF suffered emotional distress, lost wages and humiliation.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, pre- and post-judgment interest, punitive damages, attorney's fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of the FCRA; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

Dated: April 3, 2026

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.: 92265
2112 SW 34th Street
Gainesville, FL 32608
(352) 244-2069
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF